```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION

                       Case 12-20283-CR-SCOLA


UNITED STATES OF AMERICA,
                                              COURTROOM 12-3
            Plaintiff,
                                              MIAMI, FLORIDA
    vs.
                                              NOVEMBER 8, 2012
ROSELYN NICOLE CHARLES,
                                              (Pages 1 - 12)
            Defendant.
_____

                   MOTION FOR REDUCTION OF SENTENCE
              BEFORE THE HONORABLE ROBERT N. SCOLA, JR.
                     UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:


FOR THE GOVERNMENT:       MICHAEL DAVIS, A.U.S.A.
                          United States Attorney's Office
                          99 N.E. 4th Street
                          Miami, FL  33132           305.961.9027
                          michael.davis2@usdoj.gov


FOR THE DEFENDANT:        DERIC ZACCA, ESQ.
                          Cabrera & Zacca, LLP
                          Monarch Professional Centre
                          12781 Miramar Parkway, Suite 303
                          Miramar, FL 33027          954.450.4848
                                              (Fax) 954.450.4204
                          dericzacca@dczlaw.com


REPORTED BY:              JOSEPH A. MILLIKAN, RPR-CM-NSC-CRR
                          Official United States Court Reporter
                          Federally Certified Realtime Reporter
                          Wilkie D. Ferguson, Jr., United States Courthouse
                          400 North Miami Avenue, Suite 12-3
                          Miami, FL 33128            305.523.5148
                          josephamillikan@gmail.com
```

## TABLE OF CONTENTS

                                                                  Page

Reporter's Certificate ......................................  12

| | | |
|---|---|---|
| 08:36:02 | 1 | **THE COURT:** Good morning, everyone. Welcome. Please |
| 08:36:06 | 2 | be seated. Sorry to keep you waiting. |
| 08:36:11 | 3 | **MR. ZACCA:** Good morning. |
| 08:37:18 | 4 | **THE COURT:** All right. Our first case this morning is |
| 08:37:20 | 5 | United States of America v. Roselyn Nicole Charles. Could you |
| 08:37:24 | 6 | state your appearances, please? |
| 08:37:25 | 7 | **MR. DAVIS:** Michael Davis for the United States, Your |
| 08:37:27 | 8 | Honor, and good morning. |
| 08:37:27 | 9 | **THE COURT:** Good morning. |
| 08:37:28 | 10 | **MR. ZACCA:** Good morning, Judge. Deric Zacca on behalf |
| 08:37:30 | 11 | of Roselyn Nicole Charles and to my right is Roselyn Nicole |
| 08:37:35 | 12 | Charles. |
| 08:37:35 | 13 | **THE COURT:** All right. Good morning. |
| 08:37:35 | 14 | **THE DEFENDANT:** Good morning. |
| 08:37:36 | 15 | **THE COURT:** All right. It's my understanding |
| 08:37:37 | 16 | Ms. Charles has already been sentenced to 30 months in prison, |
| 08:37:41 | 17 | and the Government has filed a motion under Rule 35(b) for a |
| 08:37:45 | 18 | reduced sentence based upon her cooperation in United States v. |
| 08:37:51 | 19 | Macli, so let me hear from the Government first. |
| 08:37:54 | 20 | **MR. DAVIS:** Okay. The Government pursuant to Rule 35 |
| 08:37:59 | 21 | is asking for reduction of Ms. Charles' sentence, from a term of |
| 08:38:03 | 22 | imprisonment of 30 months down, and we're asking for a very |
| 08:38:07 | 23 | substantial reduction, to the lowest sentence that we will be |
| 08:38:10 | 24 | recommending in this case, down to a term of imprisonment of six |
| 08:38:13 | 25 | months, and we're requesting that all other conditions of her |

```
08:38:16   1  sentence stay in place, Your Honor.
08:38:18   2          As the Court recalls, Ms. Charles' involvement in this
08:38:22   3  case was after she returned, pardon me, her conviction offense
08:38:27   4  conduct arose out of the events that occurred after she returned
08:38:31   5  from maternity leave at Biscayne Milieu.
08:38:35   6          Jorge Macli basically directed her that she was going
08:38:37   7  to have to start recruiting patients in order to retain her job.
08:38:41   8  In response, Ms. Charles did that for about four to five months.
08:38:47   9  She recruited patients from the Haitian Creole-speaking
08:38:50  10  community.  She was eventually replaced by Marie Desuse.  She
08:38:51  11  was sentenced to a term of imprisonment of 30 months which was
08:38:53  12  at the bottom end of the advisory guidelines.  It was a sentence
08:38:57  13  within the guideline range.
08:38:58  14          The, of course, primary reason for the extent of our
08:39:03  15  reduction is the quality and significance of Ms. Charles'
08:39:05  16  cooperation.
08:39:07  17          Her cooperation occurred in two forms.  The first was
08:39:13  18  her preindictment cooperation.  That is not the primary driving
08:39:16  19  force of the Government's recommendation, but it does deserve
08:39:19  20  some mention.
08:39:20  21          Ms. Charles cooperated prior to the return of the
08:39:25  22  Indictment.  In assembling the evidence for the Indictment and
08:39:28  23  the theory behind the Indictment, the Government relied upon six
08:39:31  24  cooperating witnesses.  The two witnesses who were most
08:39:36  25  extensively debriefed as part of the preindictment process were
```

| | | |
|---|---|---|
| 08:39:40 | 1 | Madeline Lucas and John Jackson. |
| 08:39:42 | 2 | Ms. Charles was in the latter group of the four lesser |
| 08:39:45 | 3 | witnesses; however, the Government did rely upon her information |
| 08:39:49 | 4 | in formulating the Indictment and that is worthy of some |
| 08:39:51 | 5 | consideration. |
| 08:39:52 | 6 | The primary driving force, however, of the Government's |
| 08:39:56 | 7 | recommendation is the quality and significance of her |
| 08:39:58 | 8 | cooperation as a witness at trial. |
| 08:40:02 | 9 | The bottom line is that I would characterize |
| 08:40:05 | 10 | Ms. Charles as our most valuable witness at trial.  We called |
| 08:40:10 | 11 | ten cooperating witnesses.  I believe they all were effective. |
| 08:40:14 | 12 | There were three that I view as being particularly credible and |
| 08:40:17 | 13 | particularly effective:  Rufus Cargile, James Edwards, and |
| 08:40:23 | 14 | Ms. Charles. |
| 08:40:23 | 15 | Of those three cooperating witnesses, Ms. Charles |
| 08:40:29 | 16 | delivered a much greater quantity of testimony.  She was one of |
| 08:40:35 | 17 | our four core cooperators.  She directly implicated seven of the |
| 08:40:39 | 18 | eight defendants and indirectly implicated Antonio Macli.  I |
| 08:40:45 | 19 | believe that she was the only witness who implicated all eight |
| 08:40:47 | 20 | defendants at trial in some way or form. |
| 08:40:51 | 21 | We were able to publish a large portion of the case |
| 08:40:54 | 22 | through her and in addition to the quantity and the significance |
| 08:40:58 | 23 | of her testimony, she also had a very good memory, responded to |
| 08:41:03 | 24 | questions directly, and we are able to present her testimony |
| 08:41:07 | 25 | relatively efficiently notwithstanding the bulk of it. |

| | | |
|---|---|---|
| 08:41:17 | 1 | Another consideration that colors into the extent of |
| 08:41:19 | 2 | the Government's recommendation is the desire to see that she |
| 08:41:22 | 3 | gets a sentence lower than other people who cooperated, who |
| 08:41:27 | 4 | either were more culpable than her and whose cooperation, while |
| 08:41:31 | 5 | effective and significant, was not as significant as hers, and I |
| 08:41:35 | 6 | divide those cooperators into two categories. |
| 08:41:38 | 7 | The first are two of the recruiters that the Court |
| 08:41:41 | 8 | already sentenced: Gregory Murphy and James Riley Wynn. They |
| 08:41:46 | 9 | were both paid patient recruiters. The Court sentenced both of |
| 08:41:50 | 10 | them to 18 months. Mr. Murphy received a reduction down from |
| 08:41:55 | 11 | the bottom of an advisory guideline range of 37 to 46 months. |
| 08:42:02 | 12 | Mr. Wynn received his reduction down from the bottom of an |
| 08:42:04 | 13 | advisory guideline range of 46 to 57 months. |
| 08:42:08 | 14 | Unlike Mr. Wynn and Mr. Murphy, Ms. Charles is not |
| 08:42:14 | 15 | somebody who initiated her criminal activity as a recruiter. |
| 08:42:19 | 16 | She was essentially compelled into doing so by Jorge Macli as a |
| 08:42:23 | 17 | condition of retaining her employment. |
| 08:42:25 | 18 | Once again, while Mr. Murphy was an effective witness |
| 08:42:29 | 19 | in our case, Mr. Wynn testified in another case. I believe that |
| 08:42:32 | 20 | Ms. Charles was more effective and more credible. |
| 08:42:35 | 21 | The other set of sentences that the Government is |
| 08:42:39 | 22 | taking into account in formulating its recommendation is the |
| 08:42:42 | 23 | sentences for the clinical staff, and that would be Manotte |
| 08:42:47 | 24 | Bazile, Carmen Mercado, Barbara Morales and Madeline Lucas. |
| 08:42:53 | 25 | The Government has recommended sentences of 12 months |

| | | |
|---|---|---|
| 08:42:55 | 1 | and a day as to all these defendants and the Court has followed |
| 08:42:58 | 2 | that recommendation.  We believe that Ms. Charles' cooperation |
| 08:43:01 | 3 | was more significance than theirs, and we believe that she |
| 08:43:05 | 4 | deserves a lower sentence as a result. |
| 08:43:06 | 5 | I would like to make a final note and while not |
| 08:43:10 | 6 | relevant to her entitlement for a reduction or the extent of the |
| 08:43:14 | 7 | reduction, I do think it's something that the Court may want to |
| 08:43:17 | 8 | keep in mind. |
| 08:43:19 | 9 | To borrow an observation made by Agent McGinty, |
| 08:43:22 | 10 | Ms. Charles has been very accepting of her situation and let me |
| 08:43:28 | 11 | explain what I mean by the following example:  Ms. Charles was |
| 08:43:32 | 12 | sentenced in front of Judge Ungaro the morning that the Court |
| 08:43:36 | 13 | charged the jury in this case.  I had to have a colleague stand |
| 08:43:39 | 14 | in for me.  I did not make it to the sentencing until there was |
| 08:43:43 | 15 | about five minutes left. |
| 08:43:44 | 16 | At the conclusion of the sentencing, I pulled |
| 08:43:46 | 17 | Ms. Charles and Mr. Zacca aside.  I told her that I thought she |
| 08:43:51 | 18 | had done very well, and I expressed some remorse that we had not |
| 08:43:55 | 19 | been able to deal with her cooperation at that time just because |
| 08:43:57 | 20 | of the press of time in this case. |
| 08:44:00 | 21 | I told her that it was my hope that our office was |
| 08:44:03 | 22 | going to permit me to ask the Court to reduce her sentence at a |
| 08:44:05 | 23 | later time. |
| 08:44:07 | 24 | Her response was a very, very brief, concise "thank |
| 08:44:11 | 25 | you," a very polite "thank you."  She did not intimate in any way |

```
08:44:16   1  that my office owed her anything, that she was entitled to
08:44:20   2  anything.  At that time she was close to delivering her second
08:44:22   3  child.  She did not make any reference to her family
08:44:25   4  circumstances.  She just said "thank you," said "thank you" and
08:44:28   5  little more.
08:44:29   6           From that I draw the conclusion that she understands
08:44:32   7  that what she did was wrong.  She's going to be grateful for
08:44:35   8  whatever reduction the Court gives her, and I don't believe that
08:44:37   9  she's going to take it for granted.
08:44:40  10           Unless the Court has any additional questions, that
08:44:43  11  concludes my remarks.
08:44:44  12           THE COURT:  All right.  Thank you.  Do you want to do
08:44:46  13  anything, Mr. Zacca?
08:44:48  14           MR. ZACCA:  Yes, Judge, just a couple of points.  Just
08:44:52  15  to build upon what Mr. Davis has already stated to the Court, I
08:44:55  16  want to note that according to the information that I had, her
08:44:59  17  cooperation began in April 2011.  That's, of course,
08:45:03  18  preindictment.
08:45:04  19           Her cooperation continues up until this day.  I've been
08:45:07  20  advised by my client just about approximately two weeks ago, she
08:45:11  21  was contacted by an agent, asked certain other questions about
08:45:14  22  the case.  The investigation continues, and she's cooperating.
08:45:19  23  She continues to cooperate.
08:45:22  24           Judge, when Mr. Davis contacted me and told me about
08:45:27  25  the Government's recommendation, which is a substantial
```

```
08:45:31   1    recommendation -- it's basically an 80 percent reduction -- I
08:45:34   2    was grateful for it.  I know Ms. Charles is absolutely grateful
08:45:38   3    for it.
08:45:39   4           However, the only thing I ask the Court to consider is
08:45:43   5    that instead of six months' incarceration, to consider six
08:45:47   6    months' home detention or house arrest, and the reason being is
08:45:51   7    this, Judge:  For the Court to consider the fact that
08:45:55   8    Ms. Charles recently gave birth to a baby girl.  She is two
08:46:05   9    months old.
08:46:07  10           I ask that the Court -- I don't know if exactly that
08:46:11  11    fact is something that is appropriate to be considered in a
08:46:14  12    Rule 35 proceeding, but I think in the grand scheme of things
08:46:16  13    it's something that the Court should consider.
08:46:19  14           I think house arrest is still punishment.  The only
08:46:23  15    thing I'm asking for is six months' house arrest as opposed to
08:46:28  16    six months in a jail.  Other than that we're absolutely grateful
08:46:32  17    for the Government's recommendation.  It's a substantial one.
08:46:35  18    We recognize it, and we defer to Your Honor.
08:46:39  19           THE COURT:  All right.  Ms. Charles, would you like to
08:46:42  20    say anything?  You don't have to but if you want to say
08:46:46  21    anything, I'll certainly be happy to hear from you.
08:46:49  22           THE DEFENDANT:  Yes.  I do apologize to the United
08:46:52  23    States for my part in the crime.  I do understand that this was
08:46:56  24    a serious matter, and it will never happen again.  I am thankful
08:47:01  25    to the Government for the recommendation for the sentence
```

```
08:47:04   1   reduction.
08:47:05   2          THE COURT:  All right.  Thank you.
08:47:07   3          After considering the statements of the parties, I'm
08:47:12   4   going to grant the Government's motion under Rule 35(b) for a
08:47:20   5   reduction of sentence.  I did note that Ms. Charles was an
08:47:28   6   honest, solid witness who spoke clearly, and I think I agree
08:47:31   7   with Mr. Davis's assessment that her testimony was a significant
08:47:38   8   reason why the jurors' verdict came out the way it did.
08:47:44   9          I usually give more credit to cooperating witnesses in
08:47:50  10   terms of how much I reduce their sentence than the Government
08:47:54  11   asks me to.
08:47:57  12          Mr. Davis, I don't know whether I've just beaten him
08:48:02  13   down and he's lost his resolve.  He's now nicer than Judge
08:48:07  14   Scola.
08:48:10  15          So based upon the Government's recommendation, I'm
08:48:13  16   going to reduce Ms. Charles' sentence to six months'
08:48:16  17   imprisonment.  All the other conditions of supervised release or
08:48:23  18   whatever other conditions of the sentence will remain in effect.
08:48:29  19          Does she already have a surrender date?
08:48:32  20          MR. ZACCA:  Yes, Judge, she does.  I believe it's
08:48:35  21   December 28.  Judge, we would make one request -- I don't
08:48:37  22   believe the Government is going to oppose it -- that we extend
08:48:40  23   it two weeks out to January 11, 2013.  That way she just has
08:48:46  24   essentially the full holiday.
08:48:50  25          THE COURT:  She can go to the club scene with her
```

```
08:48:53   1   four-month old baby then?
08:48:56   2           MR. ZACCA:  No, Judge.
08:48:57   3           THE COURT:  Christmas, I can see.  Is she breast
08:49:00   4   feeding her child?
08:49:01   5           MR. ZACCA:  No, Judge, she's not.
08:49:02   6           THE COURT:  When was the child born?
08:49:06   7           THE DEFENDANT:  September 2, 2012.
08:49:12   8           MR. ZACCA:  I would note for Your Honor that I looked
08:49:15   9   through the docket yesterday at the other cooperating
08:49:18  10   defendants, and I believe most of those surrender dates -- and I
08:49:21  11   believe Mr. Davis will correct me -- is also in January as well
08:49:23  12   for whatever that's worth.
08:49:26  13           MR. DAVIS:  I believe the ones who have been sentenced
08:49:29  14   more recently are after the new year.
08:49:36  15           THE COURT:  All right.  Who's going to be taking care
08:49:38  16   of your child while you're in custody?
08:49:41  17           MR. ZACCA:  My mother, my sister, and my husband.
08:50:46  18           THE COURT:  Well, I'm not doing this for Ms. Charles as
08:50:51  19   much as I'm doing it for her child because I think it's very
08:50:56  20   important at that age to allow the child to bond with the
08:51:03  21   parent, so I will allow her to surrender on March 8, 2013 so she
08:51:09  22   has six months with the child before there's separation.
08:51:15  23           Anything further?
08:51:16  24           MR. DAVIS:  Nothing from the Government, Your Honor.
08:51:18  25           MR. ZACCA:  Nothing from the defense, Judge.  Thank
```

```
08:51:20   1  you.  Have a good morning.
08:51:22   2          THE COURT:  All right.  Thank you.  We'll be in recess.
08:51:24   3      [The proceedings conclude at 8:51 a.m., 11/8/12.]
           4                      C E R T I F I C A T E
           5      I hereby certify that the foregoing is an accurate
           6  transcription of proceedings in the above-entitled matter.
           7
           8     07.05.13                    _____
                   DATE                      JOSEPH A. MILLIKAN, RPR-CM-NSC-CRR
           9                                 Official United States Court Reporter
                                             Wilkie D. Ferguson, Jr., United States Courthouse
          10                                 400 North Miami Avenue, Suite 12-3
                                             Miami, FL  33128         305.523.5148
          11                                 josephamillikan@gmail.com
          12
          13
          ...
          25
```